UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )   CIVIL ACTION NO.:
**DONNA DRAGON,**             )
         **Plaintiff**      )
                              )
**v.**                        )
                              )
**LIFE INSURANCE COMPANY OF** )
**NORTH AMERICA,**            )
         **Defendant**      )
_____)

# COMPLAINT

The Plaintiff, DONNA DRAGON (hereinafter "DRAGON"), by and through the undersigned counsel, hereby sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "CIGNA"), and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. DRAGON brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. DRAGON was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. CIGNA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Commonwealth of Massachusetts.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, CIGNA, is authorized to and is doing business in the Commonwealth of Massachusetts and can be found in the Commonwealth of Massachusetts.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION
OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND
ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to DRAGON by CIGNA.

6. DRAGON was at all times material an employee of Randstad North America ("RANDSTAD").

7. DRAGON was at all times material a plan participant under the RANDSTAD Group Disability Policy, Group Policy No. LK-980321 (the "LTD Plan") which is established by RANDSTAD and pursuant to which DRAGON is entitled to benefits. A true copy of the LTD Plan has been attached hereto as **Exhibit "A."**

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. CIGNA is the insurer of benefits under the LTD Plan and was appointed by RANDSTAD, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, CIGNA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, CIGNA is not entitled to a deferential standard of review.

11. CIGNA is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on DRAGON'S claim.

12. Pursuant to the terms and conditions of the LTD Plan, DRAGON is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

13. The LTD Plan states, in relevant part, as follows:

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 60% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

14. Since approximately January 2018, DRAGON has been disabled under the terms of the LTD Plan.

15. Shortly after becoming disabled, DRAGON made a claim to CIGNA under RANDSTAD's STD Plan, also administered and funded by CIGNA.

16. CIGNA found Mr. DRAGON to be totally disabled and approved her STD claim through the 180-day maximum benefit period which ended in July 2018.

17. With the expiration of the STD benefits DRAGON'S claim was submitted for continued payment under the LTD Plan with the same definition of disability as the STD Plan.

18. CIGNA, in a letter dated October 2, 2018, denied DRAGON's claim contending DRAGON was not totally disabled.

19. DRAGON properly appealed CIGNA's adverse determination.

20. By letter dated December March 1, 2019, CIGNA affirmed its adverse determination, and advised DRAGON that she could submit a second appeal request, which she did.

21. By letter dated May 1, 2020, CIGNA again affirmed its adverse determination, and advised DRAGON that she had exhausted all administrative levels of appeal and that she had the right to bring legal action.

22. At all relevant times, DRAGON complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

23. At all relevant times, DRAGON has been unable to perform the material duties of her regular occupation.

24. At all relevant times, DRAGON has been unable to perform the material duties of any gainful occupation for which she is, or may reasonably become, qualified for based on education, training, or experience.

25. At all relevant times, DRAGON has been receiving appropriate care.

26. At all relevant times, DRAGON was a Covered Person under the LTD Plan.

27. From July 2018 to the present date, DRAGON has not received benefits owed to her under the LTD Plan, despite DRAGON'S right to these benefits.

28. CIGNA has refused to pay DRAGON'S LTD benefits since July 2018.

29. At all relevant times, CIGNA was the payer of benefits.

30. At all relevant times, CIGNA was the "Insurance Company" identified throughout the LTD Plan.

31. At all relevant times, CIGNA was appointed by RANDSTAD, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

32. At all relevant times, DRAGON has been and remains "Disabled" as defined by the LTD Plan and entitled to LTD benefits from CIGNA under the terms of the LTD Plan.

33. DRAGON has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

34. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

35. Pursuant to 29 U.S.C. §1132(a)(1)(B), DRAGON, as an eligible participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

36. DRAGON has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of CIGNA's failure to pay her disability benefits.

37. DRAGON has exhausted all administrative remedies under the LTD Plan.

38. CIGNA breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to DRAGON at a time when CIGNA knew, or should have known, that DRAGON was entitled to those benefits under the terms of the LTD Plan, as DRAGON was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of DRAGON'S claim for LTD benefits;

    (c) After DRAGON'S claim was terminated in whole or in part, CIGNA failed to adequately describe to DRAGON any additional material or information necessary for DRAGON to perfect her claim along with an explanation of why such material is or was necessary.

    (d) CIGNA failed to properly and adequately investigate the merits of DRAGON'S disability claim and failed to provide a full and fair review of DRAGON'S claim.

39. DRAGON believes and thereon alleges that CIGNA wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which DRAGON is presently unaware, but which may be discovered in this future litigation and which DRAGON will immediately make CIGNA aware of once said acts or omissions are

discovered by DRAGON.

40. Following the termination of benefits under the LTD Plan, DRAGON exhausted all administrative remedies required under ERISA, and DRAGON has performed all duties and obligations on her part to be performed under the LTD Plan.

41. As a proximate result of the aforementioned wrongful conduct of CIGNA, DRAGON has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding DRAGON'S claim for benefits, DRAGON, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DRAGON is entitled to have such fees and costs paid by CIGNA.

43. The wrongful conduct of CIGNA has created uncertainty where none should exist; therefore, DRAGON is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, DONNA DRAGON prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: August 13, 2020

>ATTORNEYS DELL AND SCHAEFER, CHARTERED
>Attorneys for Plaintiff
>2404 Hollywood Boulevard
>Hollywood, FL 33020
>Telephone: (954) 620-8300
>
>*S/ Jay P. Symonds*
>JAY P. SYMONDS
>BBO No: 637972
>Email: jay@diattorney.com
>GREGORY M. DELL
>BBO No: 677565
>Email: gdell@diattorney.com

[1966791/4375290/1]